UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CORRYL BOYD, ELMO NICKLES and BRIAN
MCMANIUS

                            Plaintiffs,          11 Civ. 2413

                                                                "ECF CASE"

     -against-

                                                        **COMPLAINT AND DEMAND**
                                                        **FOR JURY TRIAL**

THE CITY OF NEW YORK, a municipal entity,
ESI LEWIS, Assistant District Attorney,
Detective MACEIO LAUREL (Shield No: 7364),
individually and in his official capacity as a New York
City Police Officer, and "JOHN DOES," unidentified police
officers employed by the New York City Police Department,
in their official and individual capacities,
                                            Defendants.
------------------------------------------------------------------------X

       Plaintiffs **CORRYL BOYD, ELMO NICKLES and BRIAN MCMANIUS**, by their attorney, DANIELLE V. EADDY, complaining of the Defendants, respectfully shows and alleges as follows:

### PRELIMINARY STATEMENT

       **ONE**:        This is a civil rights action seeking damages for the false arrest, false imprisonment, negligence, negligent retention and hiring, intentional and/or negligent affliction of emotional distress and malicious prosecution of the Plaintiffs, **CORRYL BOYD, ELMO NICKLES and BRIAN MCMANIUS**, in violation of the United States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. §§ 1981 and 1983.

**TWO**: On or about May 18, 2005 at approximately 2:15 P.M., the Plaintiffs herein were placed under arrest at the Brooklyn Special Victims Squad of the New York City Police Department by the Defendant MACIO LAUREL and other members of the New York City Police Department acting under color of state law unjustifiably and without probable cause. Said New York City Police Officers are agents and employees of the City of New York.

**THREE:** As a result of said unlawful arrest, unlawful search and seizure, unlawful imprisonment and malicious prosecution, Plaintiffs were seriously and permanently damaged.

**FOUR:** Plaintiffs seeks monetary damages, both compensatory and punitive, injunctive and declaratory relief in order to assure that the Plaintiffs secure full and complete relief and justice for the violations of their rights under the law, costs, attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

**FIVE:** This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985 and 1988.

**SIX:** The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367, and the doctrine of pendent jurisdiction.

**SEVEN**: The acts complained of occurred in the Eastern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. §1391 (b).

.

## THE PARTIES

**EIGHT:** The Plaintiffs are citizens of the United States of America residing in the State, City and Counties of Kings and the Bronx. The Plaintiffs Elmo Nickles and Corryl Boyd were 19 year old African-American males at the time of the incident giving rise to the instant complaInt. The Plaintiff Brian McManius was a 20 year old African-American male at the time of the incident giving rise to the instant complaint..

**NINE:** Defendant City of New York (hereinafter "the City",) is a municipal entity which was created under the existing laws and Constitution of the State of New York. The defendant City of New York is authorized and charged with maintaining a police department for the express purpose of protecting the welfare of those individuals who reside therein. Further, the defendant City was and continues to be responsible for the policy, practice, supervision, implementation and conduct of all matters within the New York City Police Department (hereinafter "NYPD") including but not limited to the training, supervision, and conduct of all NYPD personnel. The City is charged with ensuring that the NYPD personnel follow and carry out the laws of the United States and the State of New York.

**TEN:** Defendant New York City Police Officer **LAUREL** was a Detective assigned to the Brooklyn Special Victims Squad in Brooklyn, New York, City and State of New York under Shield No. 7364 at the time of the arrest of the Plaintiffs. Upon information and belief, at all relevant times, Defendant Police Officers "John Does" were assigned as detectives within the Brooklyn Special Victims Squad of the New York City Police Department in Brooklyn, New York, City and State of New York.

**ELEVEN**: That at all times hereinafter mentioned, the Defendant, **ESI LEWIS**, was an Assistant District Attorney assigned to the KINGS COUNTY DISTRICT ATTORNEY'S OFFICE,

(hereinafter **KCDAO**) was and still is a municipal corporation duly organized and existing under the laws of the State of New York

## JURY DEMAND

**TWELVE:**  Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

**THIRTEEN:**  On March 1, 2008 at approximately 5:30 A.M., on the Brooklyn Campus of Long Island University located at 1 University Plaza, Brooklyn, New York, a female student (hereinafter "the complainant") claimed that she engaged in sex with the Plaintiffs herein while under the influence of alcohol.

**FOURTEEN**:  Specifically, the complainant stated that on the evening of the incident, she went to a party inside of the dorm located on the Brooklyn campus of Long Island University and drank some alcohol at approximately 12:35 A.M.  She stated that the Plaintiff McManius was in attendance as well as several other people.

**FIFTEEN**:  The complainant then stated that she went to the room of another male then went back to the above-mentioned party were she had several more drinks.  At approximately 5:30 A.M., the complainant left said party and went back to her dorm room and changed into her night clothes.  After doing so, the complainant stated that she had to use the bathroom so she left the room and accidentally locked herself out of the room.

**SIXTEEN:**  Thereafter, instead of knocking on her door or calling her roommate

whom was inside of her dorm room, the complainant stated that she chose to go to the room of the Plaintiff McManius

**SEVENTEEN**: The complainant then stated that the next thing she remembered was laying in a bed in the room of the Plaintiffs Nickles and Boyd. The Plaintiff claims to have no recollection as to how she went from Plaintiff McManius's room to the room of the Plaintiffs Boyd and Nickles

**EIGHTEEN**: Subsequently, the complainant claims that the Plaintiff McManius had vaginal intercourse with her and that the Plaintiffs Boyd and Nickles placed their penis inside of her mouth.

**NINETEEN:** The complainant then claimed to have fallen asleep inside of the room of the Plaintiffs Boyd and Nickles. Upon awakening, the complainant left the room.

**TWENTY**: The complainant did not report the incident immediately but instead reported the incident to a coach at the school after being prompted to do so by a friend. She was subsequently brought to the hospital where the complainant indicated that she did not want to report this alleged crime or prosecute a case against the Plaintiffs.

**TWENTY-ONE:** Thereafter, the complainant decided to report this alleged crime 10 days after the occurrence after her family became involved.

**TWENTY-TWO**: The complainant was subsequently interviewed by the Defendant LAUREL about the above-referenced incident.

**TWENTY-THREE**: During the course of said interview, the Plaintiff was specifically asked by the Defendant LAUREL " If it was possible that she may have consented to having sex with all three." The complainant stated in response "that she did not know , but didn't think so."

**TWENTY-FOUR**:   The complainant was also asked by the Defendant LAUREL if at any time did she tell the Plaintiff McManius to stop and her response was that she did not remember.

**TWENTY-FIVE**:   It was clear at this point in time that the complainant had no idea whether or not she had consented to having sexual relations with the Plaintiffs herein.  As such, it was at this point in time that it was clear that no crime had been committed and the case should have been closed.  Instead, the Defendant LAUREL brought the matter to the Kings County District Attorney's Office and Assistant District Attorney Esi Lewis .  Specifically in his own words, the Defendant LAUREL stated " I would have to consult with the District Attorney's Office regarding this case due to the fact that she could not remember exactly what happened to her due to alcohol consumption.

**TWENTY-SIX:**   Thereafter, nearly two months after these statements were ,made by the complainant, and upon information and belief, after consultation with the Kings County District Attorney's Office and Esi Lewis, the Plaintiffs were arrested and charged with Rape in the Third Degree and related charges despite the fact that the complainant admittedly could not remember the details of the incident in general, and specifically, could not remember whether or not she had consented to having sex with the Plaintiffs.  In addition, there was no evidence that the complainant was intoxicated to the level that would rise to lack of consent due to intoxication.   Indeed, the medical records of the complainant did not show that the complainant was intoxicated.   Upon information and belief, the Defendants herein made the decision to prosecute this case due to the fact that the complainant was a white female and pressure was being exerted upon them by the parents of the complainant.

**TWENTY-SEVEN:**          Further**,** upon information and belief, prior to the arrest of

the Plaintiffs, the Defendants were aware of the fact the complainant had a reason to fabricate these charges. Specifically, the boyfriend of the complainant had been looking for and sending text messages to the complainant during the early morning hours of this incident. Moreover, word had spread to throughout the dorm that the complainant had engaged in sex with numerous male students on the night of this incident causing the complainant extreme embarrassment and shame.

**TWENTY-EIGHT**: Moreover, when this case was placed in the Grand Jury, upon information and belief, the defendant Esi Lewis and the Kings County District Attorney's Office allowed the complainant to testify untruthfully by allowing her to say that they committed these acts "while the complainant said no and told the defendants she did not want to have sex with them."

**TWENTY-NINE**: As more fully outlined above, the complainant had told the Defendant LAUREL prior to the presentation of this case before the Grand Jury that she did not know whether or not she had consented or not. In addition, the as again, more fully outlined above, the Defendant LAUREL had consulted with the defendant Esi Lewis and the Kings County District Attorney's Office about the fact that she could not remember what happened and whether or not she had consented.

**THIRTY**: Said misinformation before the Grand Jury was never corrected by the Defendant Lewis.

**THIRTY-ONE**: Upon information and belief, prior to the arrest of the Plaintiffs, the Defendants were aware of the fact that there had been no finding against the Plaintiffs by LIU after they fully investigated these charges.

**THIRTY-TWO:** As more fully outlined above, at the time of the Plaintiffs' arrest, there were circumstances present which gave the Defendants legitimate reason to doubt and question the

veracity of the complainant.. Said doubts should have prompted the Defendant LAUREL to further investigate said case.

**THIRTY-THREE**: The Defendants did not have reasonably trustworthy information upon which to base an arrest of the Plaintiffs upon. As such, probable cause did not exist to arrest, search, confine or prosecute the Plaintiffs.

**THIRTY-FOUR**: The actions and conduct of these New York City Police Officers though unlawful were taken in the course of their duties, functions and roles as police officers and were incidental to the otherwise lawful performance of their duties and functions as New York City police officers and as agents and employees of the City of New York.

**THIRTY-FIVE:** The actions and conduct of the New York City police officers herein were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York. Such actions, conduct, policies, practices and customs have resulted in a culture and attitude as well as philosophy by both New York City police officers and the City of New York that the ends justifies the means. The existence of said customs and practices have been well documented through numerous civil rights actions filed against the City of New York.

**THIRTY-SIX:** The policy and practice of the Defendant City of New York and the New York City Police Department includes arresting innocent persons in order to meet stated "productivity quotas" as stated by Deputy Commissioner Paul J. Browne on or about January 20,. 2006 through several media outlets. Said policy encourages New York City police officers to seek out and target certain individuals for arrests where no probable cause for arrest exists in order to generate arrest statistics. As such, police officers wrongfully and unlawfully deprive individuals of their civil rights by subjecting said individuals to unlawful and unjustified detentions.

**THIRTY-SEVEN**:   The actions of the Defendant Esi Lewis were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York as well as inadequate training within the District Attorney's Offices of the City of New York.

**THIRTY-EIGHT:**   Continued wrongful and unlawful behavior by members of the New York City Police Department including but not limited to illegal stops and illegal searches and seizure without probable cause are well known to the City of New York and routinely ignored and tolerated by the City of New York despite censure and notice from such agencies as the Civilian Complaint Review Board.  As a result, it has become the custom, policy and practice of the New York City Police Department under color of the City of New York, to engage in these illegal practices.

**THIRTY-NINE:**   These policies and practices disproportionately impact African-Americans and other persons of color whom because of their race and/or color are singled out and profiled for illegal stops, detentions and arrests.

**FORTY**:   The actions, conduct, policies, practices and customs described herein violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**FORTY-ONE:**   These actions, conduct, policies and practices were the proximate cause of the injuries and damages suffered by the Plaintiff.   But for the gross negligence, incompetence and/or maliciousness of the Defendants individually or vicariously by and through their agents, servants and/or employees, the Plaintiffs would not have endured this on-going nightmare.

**FORTY-TWO:**   Specifically, the Plaintiffs were incarcerated on this case on May 18,

2008 and were released the same day.   The Plaintiffs however were required to attend numerous Court dates until all charges were dismissed by the Kings County District Attorney's Office on or about November 16, 2009.

**FORTY-THREE**:   The Plaintiffs sustained significant monetary damages as a result of having to retain counsel to defend them on said case.

**FORTY-FOUR**:   The Plaintiff McManius lost his track scholarship from LIU as a direct result of his arrest on these charges.  As a result, the Plaintiff McManius was required to drop out of school as he could no longer afford to attend.   The Plaintiffs Boyd and Nickles saw a decrease in the scholarship monies allotted to them as a direct result of the charges lodged against them

**FORTY-FIVE**:   The Plaintiffs sustained mental and emotional injuries as a direct result of their arrest on these charges.

**FORTY-SIX**:    As a direct and proximate result of their unlawful detention, search, arrest and malicious prosecution, the Plaintiffs have been irreparably harmed and damaged. Specifically, the Plaintiffs have suffered injuries and damages including but not limited to loss of physical liberty and freedom, pain and suffering, intentional and/or negligent infliction of emotional distress, harm, shame, humiliation, fear, anxiety, indignity, damage to reputation and credit as well as psychological pain and trauma and mental anguish.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983

**FORTY-SEVEN:**   That the plaintiffs repeat and re-allege the allegations contained in paragraphs **"FIRST"** through **"FORTY-SIX"** of the complaint with the same force and effect as

if fully set forth herein.

**FORTY-EIGHT:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees by subjecting the Plaintiffs to an unlawful arrest, unlawful detention, unlawful search and seizure of his person, unlawful imprisonment and wrongful prosecution deprived the Plaintiffs of rights, privileges, and immunities guaranteed to every citizen of the United States in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

**FORTY-NINE**: That the Defendants individually or vicariously by and through their agents, servants and/or employees subjected the Plaintiffs to racially and/or national origin discriminatory treatment in violation of the Plaintiffs' rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**FIFTY:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers. Further, the Defendants individually or vicariously by and through their agents, servants and/or employees conspired with one another and acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

**FIFTY-ONE**: As a direct and proximate result of the actions of the Defendants individually or vicariously by and through their agents, servants and/or employees detailed

above, the Plaintiffs suffered the damages alleged herein.

## AS AND FOR A SECOND CAUSE OF ACTION
### False Arrest and False Imprisonment

**FIFTY-THREE:** That the Plaintiff repeat and re-allege the allegations contained in paragraphs **"FIRST"** through **"FIFTY-TWO"** of the complaint with the same force and effect as if fully set forth herein.

**FIFTY-FOUR:** By reason of the foregoing, the Plaintiffs were wrongfully and illegally arrested, detained and imprisoned without privilege or probable cause to believe that a crime had been committed.

**FIFTY-FIVE:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees in subjecting the Plaintiffs to arrest, detention and imprisonment was wrongful, unjustifiable, carried out without a valid warrant, without Plaintiff's consent, without probable cause or reasonable suspicion, and in violation of the Fourth and Fourteenth Amendment of the United States Constitution.

**FIFTY-SIX** : That throughout the relevant time periods, Plaintiffs were unlawfully, wrongfully, and unjustifiably detained and deprived of their liberty and was conscious of said confinement, did not consent to said confinement, and said confinement was not otherwise privileged.

**FIFTY-SEVEN**: That all of the acts giving rise to this cause of action occurred without any fault or provocation on the part of the Plaintiffs.

**FIFTY-EIGHT:** That the Defendants individually or vicariously by and through their

agents, servants and/or employees acted knowingly, willfully, unreasonably, and were grossly reckless in their flagrant disregard for the Plaintiffs' rights, privileges, welfare and well-being.

**FIFTY-NINE:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers. Further, the Defendants individually or vicariously by and through their agents, servants and/or employees acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

**SIXTY**: As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiffs suffered the damages alleged herein.

### AS AND FOR A THIRD CAUSE OF ACTION
### Malicious Prosecution

**SIXTY-ONE:** That the Plaintiffs repeat and re-allege the allegations contained in paragraphs **"FIRST"** through **"SIXTY"** of the complaint with the same force and effect as if fully set forth herein.

**SIXTY-TWO:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees caused a false accusatory instrument to be filed against the Plaintiffs.

**SIXTY-THREE**: That the criminal instrument was dismissed and the criminal

proceedings favorably terminated in that the Plaintiffs in that the Kings County District Attorney's Office dismissed all charges against the Plaintiffs.

**SIXTY-FOUR**:   That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiffs of their constitutional rights under 42 U.S.C. §§ 1983 and 1985.

**SIXTY-FIVE:**   That the Defendants individually or vicariously by and through their agents, servants and/or employees acted knowingly, maliciously, willfully, unreasonably, and/or were grossly reckless in their flagrant disregard for the Plaintiffs' rights, privileges, welfare and well-being.

**SIXTY-SIX**:   As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiffs suffered the damages alleged herein.

### AS FOR A FOURTH CAUSE OF ACTION
### "NEGLIGENCE"

**SIXTY-SEVEN**:   That the Plaintiffs repeat and re-allege the allegations contained in paragraphs **"FIRST"** through **"SIXTY-SIX"** of the complaint with the same force and effect as if fully set forth herein.

**SIXTY-EIGHT**:   That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute negligence with respect to the Plaintiff in that the individual defendants owed a duty of care to the Plaintifsf.

**SIXTY-NINE**:   That the Defendants individually or vicariously by and through their agents, servants and/or employees breached that duty of care by causing Plaintiffs to be subjected to an unlawful arrest, detention, search and seizure, imprisonment and prosecution.

**SEVENTY**:   Said injury occurred to Plaintiffs without any fault or provocation on the part of Plaintiffs.

**SEVENTY-ONE**:   That as a direct and proximate result of the unlawful conduct of the Defendants individually or vicariously by and through their agents, servants and/or employees described herein, the Plaintiffs suffered damages as alleged herein.

**SIXTY-TWO**:   That the Defendants, their officers, agents, servants, and/or employees were responsible for the unlawful arrest, detention, search and seizure, imprisonment and wrongful prosecution of the Plaintiffs.

## AS AND FOR A FIFTH CAUSE OF ACTION
## EMOTIONAL DISTRESS

**SEVENTY-THREE:**   That the Plaintiffs repeat and re-allege the allegations contained in paragraphs **"FIRST"** through **"SEVENTY-TWO"** of the complaint with the same force and effect as if fully set forth herein.

**SEVENTY-FOUR:**   That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute intentional and/or negligent infliction of emotional distress on the Plaintiffs and as a result of the conduct alleged herein, Plaintiffs sustained serious emotional injuries.

**SEVENTY-FIVE:**   That as the proximate result of the aforesaid acts and omissions by the Defendants individually or vicariously by and through their agents, servants and/or employees the Plaintiffs have sustained the damages alleged herein including but not limited to severe and extreme emotional distress.

## AS FOR A SIXTH CAUSE OF ACTION

## **AGAINST DEFENDANT CITY OF NEW YORK**
Negligent Hiring and Retention of
Employment Services

**SEVENTY-SIX:** That the Plaintiffs repeat and re-allege the allegations contained in paragraphs **"FIRST"** through **"SEVENTY-FIVE"** of the complaint with the same force and effect as if fully set forth herein.

**SEVENTY-SEVEN:** That as the employer of the Defendant Officers and the Assistant District Attorney assigned to the case giving rise to this action, the Defendant City of New York owed a duty of care to Plaintiffs to be free violations of their statutory and constitutional rights at the hands of one of it's officers, employees, agents, or servants.

**SEVENTY-EIGHT**: That the Defendant City of New York owed a duty of care to the Plaintiffs because a reasonable, prudent and careful person should have been able to anticipate that the injury that occurred to the Plaintiffs herein or to others in a similar situation would be the likely result of the conduct described herein.

**SEVENTY-NINE:** That upon information and belief, the Officer Defendants were unfit and incompetent for their positions and that their Assistant District Attorney's were inadequately trained.

**EIGHTY:** That the actions, conduct, policies, practices and customs of the Defendant City of New York were negligent and otherwise violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**EIGHTY-ONE:** That upon information and belief, the Defendant City's negligence in screening, hiring, training, disciplining and retaining the Officer Defendants as well as the Assistant District Attorney handling the criminal case giving rise to this action was the proximate cause of the

injuries to the Plaintiff.

**EIGHTY-TWO:** That upon information and belief, as a direct result of the Defendant City's negligent hiring and retention of the Officer Defendants as well as the Assistant District Attorney handling the criminal case giving rise to this action, the Plaintiffs herein sustained serious, permanent, significant, and lasting physical and mental injury as well as loss of liberty.

**WHEREFORE**, Plaintiffs respectfully request judgment against the Defendants as follows:

1. An order awarding compensatory and other damages against the individual defendants to Plaintiffs, **CORRYL BOYD, ELMO NICKLES and BRIAN MCMANIUS**, in an amount to be determined at trial;

2. An order awarding punitive damages against the individual defendants to Plaintiff, **CORRYL BOYD, ELMO NICKLES and BRIAN MCMANIUS**, in an amount to be determined at trial;

3. An award of declaratory and injunctive relief as to this Court may seem just and proper;

4. An Award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1997 (e)(d) and

5. Such other and further relief as this Court may deem just and proper.


Dated: May 15, 2012
   Brooklyn, New York


_____//S//_____
Law Offices of Danielle V. Eaddy, LLC
**DANIELLE V. EADDY, ESQ. [DE-1592]**
26 Court Street, Suite 312
Brooklyn, NY 11242
(718) 246-2500